Abbas GOLJAH–MOFRAD, Petitioner,

v.

John ASHCROFT, Attorney
General, Respondent.

No. 02–73845.
Agency No. A43–752–859.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 3, 2004.

Decided Feb. 20, 2004.

Robynn L. Mocek–Allveri, Phoenix, AZ,
for Petitioner.

Regional Counsel, Laguna Niguel, CA,
Ronald E. LeFevre, Chief Legal Officer,
Office of the District Counsel, San Fran-
cisco, CA, WWS–District Counsel, Office
of the District Counsel, Seattle, WA, Er-
nesto H, Molina, Jr., Barry J. Pettinato,
U.S. Department of Justice, Washington,
DC, for Respondent.

Before TROTT, PAEZ, and BERZON,
Circuit Judges.

## MEMORANDUM *

Abbas Goljah–Mofrad, a citizen of Cana-
da, petitions for review of a final order of
removal issued by the Bureau of Immigra-
tion Appeals ("BIA"). The BIA affirmed
without opinion the decision of the Immi-
gration Judge ("IJ") finding that Mr. Mof-
rad had abandoned his lawful permanent
resident ("LPR") status, denying his appli-
cation for a waiver to be readmitted to the
United States without a reentry document,
and ordering him removed from the U.S.
For the reasons elaborated below, we deny
the petition. As the facts are familiar to

---

* This disposition is not appropriate for publica-
tion and may not be cited to or by the courts
of this circuit except as provided by Ninth
Circuit Rule 36–3.

the parties, we recount them only as necessary to explain our decision.

## I.

Whether Mr. Mofrad abandoned his LPR status is a factual question reviewed under the substantial evidence standard. *See Khodagholian v. Ashcroft*, 335 F.3d 1003, 1006 (9th Cir.2003) (citing *Chavez–Ramirez v. INS*, 792 F.2d 932, 934–35 (9th Cir.1986)). Under this standard, we must affirm unless the evidence is so compelling that no reasonable factfinder could fail to find the facts were as Mr. Mofrad alleged. *See id.* (citing *Singh v. Reno*, 113 F.3d 1512, 1514 (9th Cir.1997)). The INS has the burden to establish by "clear, unequivocal, and convincing evidence" that Mr. Mofrad's status has changed. *Singh*, 113 F.3d at 1514. So we must consider "whether substantial evidence supports a finding by clear, unequivocal, and convincing evidence that [Mr. Mofrad] abandoned his lawful permanent residence in the United States." *Khodagholian*, 335 F.3d at 1006. As the BIA affirmed the IJ's decision without opinion, we review the IJ's decision. *See Falcon Carriche v. Ashcroft*, 350 F.3d 845, 851 (9th Cir.2003).

■ To gain re-entry as a returning lawful permanent resident, Mr. Mofrad "must be returning from an unrelinquished lawful permanent residence after a temporary visit abroad." *Singh*, 113 F.3d at 1514 (citations omitted). A trip abroad is considered a "temporary visit" if

(a) the permanent resident's visit is for "a period relatively short, fixed by some early event," or (b) the permanent resident's visit will terminate upon the occurrence of an event having a reasonable possibility of occurring within a relatively short period of time. If as in (b), the length of the visit is contingent upon the occurrence of an event and is not fixed in time and if the event does not occur within a relatively short period of time, the visit will be considered a "temporary visit abroad" only if the alien has a continuous, uninterrupted intention to return to the United States during the entirety of his visit.

*Chavez–Ramirez*, 792 F.2d at 936–37 (internal citations omitted). "The relevant intent is not the intent to return ultimately, but the intent to return to the United States within a relatively short period." *Singh*, 113 F.3d at 1514. The alien "may extend his trip beyond that relatively short period only if he intends to return to the United States as soon as possible thereafter." *Id.*

An alien's desire to maintain his LPR status is insufficient; rather, his actions must be consistent with his professed intent. *See Khodagholian*, 335 F.3d at 1007 (citing *Singh*, 113 F.3d at 1515). To help determine whether the alien held a continuous uninterrupted intent to return, the factfinder considers factors such as the alien's family ties, property holdings, and business ties in the U.S., as compared to the alien's ties in the foreign country. *See Chavez–Ramirez*, 792 F.2d at 937. Also important is the duration of the alien's residence in the U.S. and whether the alien's conduct abroad evinced an affirmative intent to make his residence there, such as by acquiring substantial or permanent ties to that country. *See id.*

## II.

Applying these factors, we conclude that substantial evidence supports the IJ's finding that the INS proved by clear, unequivocal, and convincing evidence that Mr. Mofrad did not have the requisite intent to return to the U.S. within a relatively short period of time.

A significant consideration is that Mr. Mofrad spent only three or four weeks in

the U.S. before returning to Canada, and thereafter spent the vast majority of his time abroad. The brevity of Mr. Mofrad's residence in the U.S. weighs against a conclusion that he possessed the requisite intent. *See Chavez–Ramirez,* 792 F.2d at 937. Also weighing heavily against Mr. Mofrad is the extended duration of his stay in Canada. *See Khodagholian,* 335 F.3d at 1008 (noting that a trip of "unusual duration . . . could represent substantial evidence of abandonment"). In addition, after his initial departure from the U.S., Mr. Mofrad made only two overnight trips (lasting between two and four weeks each) and about ten day trips to the U.S. over the next five years. Over the course of his five years in Canada, until his return to the U.S. on December 23, 2000, Mr. Mofrad spent at most a total of ten weeks or 70 days in the U.S. *Compare with Singh,* 113 F.3d at 1515 (concluding that the alien had abandoned his lawful permanent residence where he spent only 185 out of the next 829 days in the U.S., despite the two-and-a-half years the alien had spent living in the U.S. prior to his departure abroad).

The IJ's determination that Mr. Mofrad's health condition did not prevent him from travelling and that he chose to stay in Canada for financial reasons is supported by substantial evidence in the record. Mr. Mofrad testified that his decision to stay in Canada was influenced by his ability to obtain government-provided healthcare benefits and financial assistance in Canada. He also testified that his family offered to support him so that he could relocate to the U.S., but that he was unwilling to accept their offer because he was concerned about the burden he might pose to his family. While a stay abroad of a brief and definite duration occasioned by financial considerations may be consistent with an intent to return to the U.S. within a relatively short period, that is not the case here, where Mr. Mofrad's stay abroad

for financial reasons continued for five years. *See Matter of Huang,* 19 I. & N. Dec. 749, 756–57 (BIA 1988) (family's several-year stay abroad, necessitated by the husband's employment contract and university studies, was not temporary, where the family stayed beyond the expiration of the initial employment contract and could not provide a definitive date upon which the husband would finish his studies); *see also Alvarez v. District Director of the U.S. INS,* 539 F.2d 1220, 1225 (9th Cir. 1976) (alien who lived in the Philippines 11 months out of every year, continuing in her pre-existing employment there to increase her retirement annuity, had abandoned her U.S. residence).

We note that, unlike the IJ, we do *not* base our decision on Mr. Mofrad's lack of employment, property, bank accounts, and tax history in the U.S. Because Mr. Mofrad was unable to work for almost the entire duration of his stay abroad, and because he lacked any employment or substantial property or income in *any* location, the fact that he lacked these indicia with respect to the U.S. is not entitled to weight. *See, e.g., Khodagholian,* 335 F.3d at 1008 (concluding that the alien's intermittent employment history in the U.S. should not be accorded significant weight, given the fact that the alien never had a job while he was abroad); *Chavez–Ramirez,* 792 F.2d at 937 (explaining that the alien's lack of property or business affiliations was only of "marginal utility" where it was due to her occupation as a nun).

In light of Mr. Mofrad's extremely brief initial stay in the U.S., his five and one-half year absence, his few limited trips to the U.S., and his fundamentally financial reasons for remaining in Canada, we conclude that the IJ's decision was supported by substantial evidence. We believe these circumstances outweigh those considerations Mr. Mofrad cites in his favor, such

as his extensive family ties in the U.S., his absence of any family ties in Canada, and the difficulties posed by his struggle with asthma and mental depression.

We do not doubt the sincerity of Mr. Mofrad's intent *ultimately* to return to the U.S. once his health condition improved sufficiently to allow him to become self-supporting. During his five years in Canada, however, Mr. Mofrad did not by his actions provide sufficient evidence of his intent to return to the U.S. within a relatively short period of time.

Because the IJ did not err in concluding that Mr. Mofrad had abandoned his lawful permanent resident status, Mr. Mofrad was not a "returning resident immigrant" and was therefore ineligible for a waiver of the entry document requirement under 8 U.S.C. § 1181(b).

### III.

■ Mr. Mofrad contends that the BIA's affirmance without opinion of the IJ's decision violated his right to a reasoned administrative decision. This court may review the IJ's decision as the final agency determination. *See Falcon Carriche*, 350 F.3d at 851. This is not a case in which there might have been more than one ground for the BIA's decision, so Mr. Mofrad's right to a reasoned administrative decision was not compromised.

For the foregoing reasons, the petition is DENIED.

---

\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.